EUGENE SCHLESINGER *vs.* JOSEPH L. O'ROURKE.

JUNE 21, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Brokers. Deceit.*

A declaration in an action of deceit by one real estate broker against another, which set out that plaintiff had interested a "prospect" in certain property; that the "prospect" desired defendant to participate on his behalf in any sale of the property to him and plaintiff conferred with defendant and the owner with respect to selling the property to the "prospect" that defendant falsely represented to plaintiff that the "prospect" was no longer interested in the property, and afterwards caused the property to be transferred to a third party and by him to the "prospect," causing plaintiff to abandon his efforts and depriving him of his commission, does not state a good cause of action, since it does not appear that plaintiff would have effected a sale, regardless of defendant's acts, but it appears that a sale could not be effected without the services of defendant, and it does not appear that plaintiff did not retire, in reliance upon a promise of defendant to share the commission.

TRESPASS ON THE CASE for deceit. Heard on exception of plaintiff and overruled.

RATHBUN, J. This is an action of deceit. The case is before us on the plaintiff's exception to a ruling of the Presiding Justice of the Superior Court sustaining a demurrer to the declaration. The declaration alleges that each of the parties is a real estate broker, that the plaintiff had authority from the owner to sell certain real estate and an agreement with said owner to receive from him a certain commission when the plaintiff effected a sale thereof; that the plaintiff did not have the exclusive right, to sell said property, that the plaintiff had interested certain "prospects" in the purchase of the property; that the said "prospects" referred the plaintiff to the defendant stating that they desired the defendant to participate on their behalf in any sale of the property to them and that the plaintiff conferred with the defendant and the owner of said property with respect to selling the same to the said "prospects;" that the defendant intending to deceive and defraud the plaintiff subsequently represented to the plaintiff that the said prospective purchasers were no longer interested in the property and would not purchase the same whereas, the said "prospects" were still interested and still desired to purchase said property and that the defendant in consummating his fraudulent scheme caused the said property to be transferred to one, Algott Johnson, who was in privity with the defendant and thereafter caused said property to be transferred from the said Johnson to the original "prospects" who first became interested in the property through the plaintiff's efforts; that neither the owner of said property nor the plaintiff had any knowledge of the said privity between the said Johnson and the defendant; that the defendant thereby secured from the owner the commission for the sale of the said property; that the plaintiff was induced by the defendant to believe and rely upon the said fraudulent statement and was thereby caused to abandon further efforts to effect a sale of the property to the said "prospects" and was deprived of the usual commission to be derived from the sale of the same. The demurrer to said

declaration specified the following grounds: (1) That by the terms of the plaintiff's declaration it does not appear that the plaintiff has sustained any damage in consequence of the alleged conduct of the defendant. (2) That it appears in and by said declaration that the plaintiff's alleged claim for commission was against the owners or sellers of said property. (3) That the alleged conduct of the defendant in nowise interfered with the plaintiff's alleged claim against the owner of the property upon his claim for commission.

The ruling sustaining the demurrer on the first ground was correct. It does not appear that the plaintiff would have effected a sale and thereby earned a commission or would have been entitled to demand a commission from the owner if the defendant had not committed the alleged wrongs complained of in the declaration. Said "prospects" evidently refused to negotiate with the plaintiff acting independently of the defendant. The plaintiff apparently knew that a sale to his "prospects" could not be effected without the services of the defendant. What agreement was made in order to secure his services does not appear. The declaration alleges that the plaintiff "brought to the said defendant the owner of the premises and conferred with both the owner and the defendant with respect to the sale of said premises to the said 'prospects.'" The owner knew that the defendant, with the plaintiff's consent, was attempting to induce said "prospects" to purchase. What agreement the parties to the suit made with the owner relative to negotiating with said "prospects" does not appear. It does not appear that the plaintiff did not retire as a broker in the transaction, relying upon some promise or supposed promise of the defendant to share with the plaintiff any commission received by the defendant for the sale of said real estate.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*William A. Gunning,* for plaintiff.
*John P. Beagan,* for defendant.